J5-6

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 C 50232 | **DATE** | 12/14/2004 |
| **CASE TITLE** | | MORRIS vs. CURTIS | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]  For the reasons stated on the reverse Memorandum Opinion and Order, the judgment of the bankruptcy court is affirmed.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | | number of notices | Document Number |
|---|---|---|---|
| | No notices required, advised in open court. | | |
| | No notices required. | | |
| ✓ | Notices mailed by judge's staff. | 12-15-04 | 13 |
| | Notified counsel by telephone. | date docketed | |
| | Docketing to mail notices. | | |
| ✓ | Mail AO 450 form. | docketing deputy initials | |
| ✓ | Copy to judge/magistrate judge. ✓ | 12-14-04 | |
| /SEC | courtroom deputy's initials | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

# MEMORANDUM OPINION AND ORDER

Appellants, Kirk and Vickie Morris, creditors, appeal from the bankruptcy court's final order finding that a state court tort judgment rendered against appellee, John Curtis, debtor, was dischargeable. The issue on appeal is whether the state court judgment against appellee for conversion should be non-dischargeable as a debt for "willful and malicious injury by the debtor to another entity or to the property of another entity." 11 U.S.C. § 523(a)(6). This court has jurisdiction over creditors' appeal pursuant to 28 U.S.C. § 158(a) and Fed. R. Bankr.P. 8001. The court takes the facts from the transcript of the proceedings before the bankruptcy court.

Appellants and appellee entered into a contract for appellee to construct a new house for the appellants. Appellants paid $40,000 to appellee as earnest money. Appellee deposited the earnest money in his only business account which was a general operating account. The contract form stated that earnest money was to be held by appellee in escrow "for the benefit of the parties". The contract also provided that in the event the contract was cancelled, the sole and exclusive remedy of the appellants would be return of the earnest money. Appellee began construction of the new house. Appellee made payments for permits and subcontractors out of the earnest money. Appellants were aware of these expenditures. Appellants terminated appellee as general contractor before the house was completed. Appellants demanded return of the $40,000 earnest money. Appellee did not return the earnest money alleging that the money had been expended for the benefit of appellants.

On July 30, 1999, appellants brought action against appellee in the Circuit Court of the Nineteenth Judicial Circuit, Lake County, Illinois, (state court) for conversion of the earnest money, among other counts. On March 14, 2002, the state court granted partial summary judgment for the appellants and awarded a judgment in favor of the appellants and against appellee on the count of conversion in the amount of $40,000 plus $5,500 prejudgment interest. Appellee filed bankruptcy. Appellants initiated an Adversary Complaint seeking to have appellee's debt to them found non-dischargeable. The bankruptcy court denied appellants' motion for summary judgment in the matter. In a trial before the bankruptcy court, appellants argued that the judgment was non-dischargeable because it was a debt for willful and malicious injury by the debtor to another entity or to the property of another entity pursuant to §523(a)(6). The bankruptcy court disagreed and ruled that the debt was dischargeable.

Appellants now appeal the bankruptcy court's decision on two grounds: that the bankruptcy court failed to acknowledge the collateral estoppel effect of the state court judgment and substituted its own ruling as to the validity of appellants' claim; and that the bankruptcy court misapplied the facts to the law in determining that the appellee's debt was dischargeable. This court reviews the legal conclusions of the bankruptcy court de novo and upholds the factual findings of the bankruptcy court unless clearly erroneous. In re. Lefkas Gen'l Partners, 112 F.3d 896, 899-900 (7th Cir. 1997).

Appellants argue that collateral estoppel precludes the discharge of the state court judgment. Collateral estoppel is applicable in discharge exception proceedings. Grogan v. Garner, 498 U.S. 279, 284-85 (1991). However, the preclusive effect of prior litigation arises where "'an issue is actually and necessarily determined by a court of competent jurisdiction.'" Montana v. United States, 440 U.S. 147, 153 (1979). The bankruptcy code makes non-dischargeable a debt arising from "willful and malicious injury by the debtor to another entity or to the property of another entity." 11 U.S.C. § 523(a)(6). For collateral estoppel to apply under these circumstances, the issues of willfulness and maliciousness must have been determined by the state court. See, e.g. Allen v. McCurry, 449 U.S. 90, 96 (1991) and Klingman v. Levinson, 831 F.2d 1292, 1295 (7th Cir. 1987) (for the proposition that federal courts give preclusive effect to state court judgments when the state courts would do so). Wrongful or unlawful intent and willful and malicious are not elements of conversion. See Gordon v. Krieger, 251 Ill.App. 166, 167 (1929); Associates Discount Corp. v. Walker, 39 Ill. App. 2d 148, 153 (1963); see also Nichmen Co., Inc. v. Ashbach, 352 F.2d 899, 857 (7th Cir. 1965) (stating that malice is not an essential element of conversion). In this case, the state court did not make any specific findings with regard to the conversion count. Therefore, collateral estoppel does not apply to the issue of whether the alleged conversion was a "willful and malicious injury" to the appellants or their property.

Appellants argument that the bankruptcy court "delve[d] into the validity" of the state court judgment for conversion by conducting a factual inquiry into the existence of the debt is misplaced. In the absence of any specific findings by the state court, the bankruptcy court's inquiry was properly focused on whether the judgment for conversion was a debt for "willful and malicious injury" pursuant to § 523(a)(6). See Brown v. Felsen, 442 U.S. 127 (1979) (holding that a bankruptcy court is not confined to a review of the judgment and record of prior state court proceeding when considering the dischargeability of a debt). Appellants further argue that the bankruptcy court "ignored the ruling of the state court" by holding "in essence, that the Plaintiffs were not entitled to their earnest money." Nothing in the record indicates the bankruptcy court ignored the ruling of the state court. To the contrary, and as quoted by appellants in their Brief and Argument on this matter, the bankruptcy court stated "I can certainly understand where a state court would give a ruling in favor of the [appellants] under these circumstances given the contract." The bankruptcy court concluded that appellants did not prove by a preponderance of evidence that the appellant willfully and maliciously sought to deprive appellants of their property or to injure their property. This conclusion does not ignore or "delve into the validity" of the state court judgment and was not clearly erroneous.

Appellants contend the bankruptcy court misapplied the facts to the law when it failed to find the debt nondischargeable. They argue the bankruptcy court determined appellants received a benefit from the earnest money and that this is contrary to the evidence. However, the bankruptcy court found not that appellants received a benefit but that it was tenable that appellee believed plaintiff had received a benefit. The bankruptcy court found that the preponderance of evidence did not show that appellee had deliberately and intentionally injured appellant as required by Kawaauhau v. Geiger, 523 U.S. 57, 61 (1998). This finding is not clearly erroneous.

For the foregoing reasons, the judgment of the bankruptcy court is affirmed.